IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02288-CBS

KEITH FRAZIER,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Executive Director, CDOC,
CORRECTIONS CORPORATION OF AMERICA,
DICK SMELSER, Warden, CCCF,
MATTHEWS, Officer, CCCF,
JONES, Officer, CCCF,
HERNANDEZ, Officer, CCCF,
BACA, Sgt., CCCF,
CHAVEZ, Unit 3 Manager, CCCF,
HERNANDEZ, Grievance Coordinator, CCCF,
WILSON, Assistant Warden, CCCF,
RAMIREZ, Case Manager, CCCF,
ANTHONY DeCESARO, Step 3 Grievance Officer, CDOC,
SELMAN, Chief of Security, CCCF,
TINA GURULE, Private Prisons Monitoring Unit Liaison, CDOC,
BONNER, Chief of Unit Management, CCCF,
DENVER RECEPTION & DIAGNOSTIC CENTER, CDOC,
BALLAGE, Mental Health Coordinator, CCCF,
PLAGGE, Mental Health Coordinator, CCCF,
NAVARRO, Mental Health Coordinator, CCCF,
PACINO, Officer, CCCF,
MONTOYA, Lt., CCCF,
TINA FRAKER, Grievance Coordinator, CCCF,
REGAN, Control Room Officer, CCCF,
BETHUNE, Floor Officer, CCCF,
FISH, Cpt., CCCF,
CUMBY, Control Room Officer, CCCF,
QUINTANA, Officer, CCCF,
VILLA, Sgt., CCCF,
BARNES, Control Room Officer, CCCF,
ROOK, Floor Officer, CCCF,
CASTELLIE, Cpt., CCCF, and
WILLBANK, Sgt., CCCF,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 04 2010

GREGORY C. LANGHAM
CLERK

## ORDER GRANTING MOTIONS TO AMEND AND TO REMAND TO STATE COURT

Plaintiff Keith Frazier is a prisoner in the custody of the Colorado Department of Corrections (DOC). Mr. Frazier initiated this action by filing *pro se* a complaint in the Crowley County, Colorado, District Court. On November 3, 2008, Mr. Frazier filed an amended complaint. In both the original complaint and the amended complaint, Mr. Frazier claims that his rights under the United States Constitution were violated while he was incarcerated at the Crowley County Correctional Facility (CCCF). Mr. Frazier is suing a number of Defendants connected with Corrections Corporation of America (CCA Defendants), the private corporation that operates the CCCF, as well as a number of DOC Defendants. On September 24, 2009, Defendants removed this action to this Court pursuant to 28 U.S.C. § 1441.

This matter is before the Court on two pending motions filed by Mr. Frazier. The first motion is Mr. Frazier's "Motion to Remand" filed on October 15, 2009. On October 20, 2009, CCA Defendants filed a response to the "Motion to Remand" and on November 10, 2009, Mr. Frazier filed "Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Remand." Mr. Frazier asks that this action be remanded to the Crowley County District Court, apparently because he did not intend to assert federal constitutional claims despite characterizing each of his claims in this action as a federal constitutional claim. In his November 10 reply, Mr. Frazier asked that each reference in the amended complaint to a provision of the United States Constitution be replaced with a reference to the corresponding provision of the Colorado Constitution. Therefore,

because it appeared that Mr. Frazier was seeking leave to file a second amended complaint, and because it was not clear what impact the proposed amendments may have on the Court's jurisdiction over the claims being asserted in this action, Magistrate Judge Craig B. Shaffer entered an order on November 17, 2009, directing Mr. Frazier to file a motion to amend and to tender to the Court a proposed second amended complaint that supercedes the amended complaint already filed in this action.

The other pending motion the Court will address in this order is "Plaintiff's Motion to Amend Complaint" filed on February 1, 2010, in response to Magistrate Judge Shaffer's November 17 order. Mr. Frazier also submitted to the Court on February 1, 2010, a second amended complaint asserting essentially the same claims as in his prior pleadings, but in which all of the references to provisions of the United States Constitution have been replaced with references to the Colorado Constitution. On February 15, 2010, CCA Defendants filed a response to "Plaintiff's Motion to Amend Complaint."

The Court must construe the motions and other papers filed by Mr. Frazier liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below, "Plaintiff's Motion to Amend Complaint" and the "Motion to Remand" will be granted.

The Court first will address "Plaintiff's Motion to Amend Complaint." Because Mr. Frazier previously filed an amended complaint, the motion to amend is governed by

Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Mr. Frazier requires the Court's permission to amend because he has not obtained written consent to amend from Defendants. Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires." In general, denying leave to amend is "only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

CCA Defendants raise two arguments in opposing "Plaintiff's Motion to Amend Complaint." CCA Defendants first argue that granting the motion to amend would result in undue delay and undue prejudice because

> CCA Defendants filed a substantial Motion to Dismiss all of Plaintiff's claims on November 9, 2009[,] but due to Plaintiff's continued dilatory tactics, after over three months, this motion is still not yet ripe for this Court's ruling. A Second Amended Complaint would only continue to delay this case and require all defendants to withdraw (or substantially amend) their motions to dismiss and file an additional responsive pleading to address each of Plaintiff's "new" claims.

(Def.'s Resp. to Pl.'s Mot. to Amend Compl. at 3.)

To the extent CCA Defendants may be arguing that the motion to amend should be denied because of undue delay by Mr. Frazier in filing the motion, the Court rejects that argument. Mr. Frazier was ordered to file a motion to amend on November 17, 2009, and on January 4, 2010, Magistrate Judge Shaffer granted Mr. Frazier's request for an extension of time to file the motion to amend.

With respect to CCA Defendants' undue prejudice argument, the Court notes that undue prejudice is the most important factor to consider in deciding a motion to amend the pleadings. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207-08 (10th Cir. 2006). "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Id.* at 1208 (internal quotation marks omitted). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

CCA Defendants fail to demonstrate they will suffer undue prejudice if "Plaintiff's Motion to Amend Complaint" is granted. Mr. Frazier's claims in the second amended complaint are based on the same subject matter as his prior pleadings. His first claim still relates to the confiscation of his personal property; his second claim still relates to his classification as a sex offender; and his third claim still relates to a number of incidents when he missed breakfast. Although Mr. Frazier's second amended complaint includes new allegations regarding additional personal property confiscations in support of his first claim and three additional incidents when he missed breakfast in support of his third claim, the Court does not find that these additional factual allegations based on the same subject matter will result in undue prejudice to Defendants. The Court's conclusion is supported by the fact that CCA Defendants concede "Plaintiff's Second Amended Complaint is substantially the same as his two previously filed complaints but for the additional references to the Colorado Constitution." (Def.'s Resp. to Pl.'s Mot. to Amend Compl. at 4.)

CCA Defendants also argue that "Plaintiff's Motion to Amend Complaint" should be denied because the proposed amendments are futile. More specifically, CCA Defendants assert that the proposed amendments are futile because Mr. Frazier's second amended complaint would be subject to dismissal for failure to state a claim. *See Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (stating that "[t]he futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim"). Of course, the Court can consider the merits of Mr. Frazier's claims in the second amended complaint only if the Court has jurisdiction over those claims and granting "Plaintiff's Motion to Amend Complaint" will deprive the Court of subject matter jurisdiction over this action as discussed below in the context of the "Motion to Remand." Therefore, the Court lacks jurisdiction to consider CCA Defendants' argument that Mr. Frazier's proposed amendments are futile because the claims in the second amended complaint fail to state a claim. As a result, "Plaintiff's Motion to Amend Complaint" will be granted.

The Court next will address Plaintiff's "Motion to Remand." As noted above, Mr. Frazier asks that this action be remanded to the Crowley County District Court because he is not asserting any federal claims. As a factual matter, that argument was incorrect when the "Motion to Remand" was filed. CCA Defendants argue that Mr. Frazier still is asserting federal claims in the second amended complaint because "he continues to cite to well-established United States Constitutional standards and federal case law in support of his 'new' state constitutional claims." (Def.'s Resp. to Pl.'s Mot. to Amend Compl. at 4.) The Court does not agree that Mr. Frazier is asserting federal claims in the second amended complaint because he specifically

6

alleges that he is asserting claims only under the Colorado Constitution and he cites specific provisions of the Colorado Constitution in support of his claims. Therefore, based upon the filing of the second amended complaint, the Court agrees that Mr. Frazier currently is not asserting any federal claims in this action. Therefore, the "Motion to Remand" will be granted.

Furthermore, pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." As a result, even in the absence of the "Motion to Remand," the Court still is required to remand this case to state court. Accordingly, it is

ORDERED that "Plaintiff's Motion to Amend Complaint" filed on February 1, 2010, is granted. It is

FURTHER ORDERED Plaintiff's "Motion to Remand" filed on October 15, 2009, is granted. It is

FURTHER ORDERED that Crowley County District Court case number 2008 CV 43 is remanded to the Crowley County District Court. It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this order to the clerk of the Crowley County District Court.

DATED at Denver, Colorado, this __4th__ day of __March__, 2010.

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02288-CBS

Keith Frazier
Prisoner No. 114542
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

Robert C. Huss
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

Edmund M. Kennedy
Attorney at Law
**DELIVERED ELECTRONICALLY**

J. Ryan Johnson
Attorney at Law
**DELIVERED ELECTRONICALLY**

Crowley County District Court - **CERTIFIED**
110 E. 6TH St. Rm 303
Ordway, CO 81063

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/4/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk